# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

JEREMY ROBINSON
Jeremy@blbglaw.com
(212) 554-1492

December 5, 2024

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Employees Retirement System for the City of Providence v. Board of Governors of the Federal Reserve System*, No. 1:24-mc-349-AS (S.D.N.Y.)

Dear Judge Subramanian,

We represent Petitioner Employees Retirement System for the City of Providence ("Petitioner"). Pursuant to Rule 8(A) of Your Honor's Individual Practices in Civil Cases, Petitioner respectfully submits this letter motion requesting leave to supplement the record in support of Petitioner's Motion for Summary Judgment (the "Motion"). Petitioner seeks to submit for Your Honor's consideration a copy of the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉ between Credit Suisse Group AG ("Credit Suisse") and the Board of Governors of the Federal Reserve System (the "Federal Reserve"), which is attached hereto as Exhibit A.[1]

Petitioner's Motion seeks a declaration that the Federal Reserve improperly asserted privilege over communications between the Federal Reserve and Credit Suisse in the underlying action, *Emps. Ret. Sys. for the City of Providence v. Urs Rohner et al.*, Case No. 651657/2022 (N.Y. Sup. Ct.) (the "New York Action"). ECF No. 42 at 2-3. The Motion extensively references ▉▉▉▉▉▉▉, explaining that the deficiencies identified in ▉▉▉▉▉▉▉ include the same deficiencies identified by Credit Suisse as causing billions of dollars of losses when its New York-based client, Archegos Capital Management, collapsed in 2021. ECF No. 42 at 5, 26-28; ECF No. 28 at 7-8; Exhibit A at 1 (identifying deficiencies in "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.") At the time it filed the Motion, Petitioner had not located a copy of ▉▉▉▉▉▉▉ and believed in good faith that ▉▉▉▉▉▉▉ had not been produced.

---

[1] Unless otherwise noted, all cites to "Ex. _" reference Exhibits to the Affirmation of Jeremy Robinson in Support of Letter Motion to Supplement the Record.

1251 AVENUE OF THE AMERICAS • NEW YORK • NY 10020-1104
TELEPHONE: 212-554-1400 • www.blbglaw.com • FACSIMILE: 212-554-1444

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Arun Subramanian
December 5, 2024
Page 2

Subsequently, after filing the Motion, Petitioner discovered a copy of the contents of ▮▮▮▮▮ (*i.e.*, Ex. A) embedded within a presentation produced in the New York Action.

 Despite ▮▮▮▮▮ being highly relevant to Petitioner's *Touhy* request and the underlying litigation, the Federal Reserve did not consider it when evaluating Petitioner's Touhy request. The Federal Reserve's failure to consider ▮▮▮▮▮ is further evidence that its denial of Petitioner's Touhy request was arbitrary and capricious. Specifically, the Federal Reserve unilaterally concluded that any information that related to supervisory information (including ▮▮▮▮▮) was privileged, without assessing whether the information contained the Federal Reserve's opinions and recommendations or was factual.

 Petitioner respectfully submits now that inclusion of the contents of ▮▮▮▮▮ itself within the summary judgment record will allow the Court to better determine whether the documents challenged in the Motion are privileged, whether any privilege should be waived, and/or whether the Federal Reserve's denial of Petitioner's Touhy request was arbitrary and capricious. By having a copy available to it, "the Court [will] decid[e] the issues presented to it on the most complete factual basis possible." *Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.*, 585 F. Supp. 3d 540, 568 n.21 (S.D.N.Y. 2022*)*, *aff'd sub nom. Phoenix Light SF Ltd. v. Bank of New York Mellon*, 66 F.4th 365 (2d Cir. 2023).

 Petitioner has met and conferred with the Federal Reserve concerning ▮▮▮▮▮, including by telephone on November 12 and email on November 19. Despite ▮▮▮▮▮ unquestionably being a written agreement, not the Federal Reserve's privileged opinions and recommendations (*see generally* Ex. A), the Federal Reserve has asserted privilege over the entire ▮▮▮▮▮. Ex. B at 1. The Federal Reserve bases this privilege assertion on the same incorrect interpretation of bank examination privilege discussed in the Motion. *Compare id.*, *with* ECF No. 28 at 2-6. Petitioner has retained a copy of ▮▮▮▮▮ and is submitting it to Your Honor for the purpose of challenging the Federal Reserve's privilege, as permitted by New York Commercial Division Rule 11-c(g).

 This request to supplement the summary judgment record is well supported. "Courts in this Circuit look favorably on efforts to supplement the [summary judgment] record absent prejudice or bad faith." *Phoenix Light*, 585 F. Supp. 3d at 568 n.21; *see also Jackson v. Nat'l Football League*, 1994 WL 282105, at *1 n.2 (S.D.N.Y. June 21, 1994) (granting motion to supplement the summary judgment record). There is no bad faith here. As noted above, Petitioner has met and conferred with the Federal Reserve and made this submission shortly thereafter. Ex. B at 1. Moreover, there is no prejudice. ▮▮▮▮▮ is available to the Federal Reserve and it could have considered it in connection with Petitioner's Touhy request and submitted it as part of the summary judgment record—but elected not to do so.

 Accordingly, Petitioner respectfully requests that the Court grant leave to supplement the summary judgment record with Exhibit A.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Arun Subramanian
December 5, 2024
Page 3

                                      Respectfully submitted,

                                      */s/ Jeremy P. Robinson*

cc: All Counsel of Record (by ECF)     Jeremy P. Robinson