# Exhibit B

|         |                                                                                      |
|---------|--------------------------------------------------------------------------------------|
| **From:**    | Eric Riedel                                                                     |
| **Sent:**    | Tuesday, November 19, 2024 5:17 PM                                              |
| **To:**      | Yvonne Mizusawa; Monika Moore                                                   |
| **Cc:**      | Jeroen van Kwawegen; Jeremy Robinson; Stephen Boscolo; Hall, Jason M.; Perlgut, Lauren |
| **Subject:** | Credit Suisse Providence Litigation -- Meet-and-Confer Regarding Clawback of ▌ |

Yvonne and Monika,

Thank you to you and counsel for UBS for taking the time to meet and confer with us on Tuesday, November 12. We are writing to summarize salient points from our discussion. If you disagree with this summary, please promptly let us know.

Plaintiff disputes whether a copy of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (CS-Providence_01296434 through -438) between the Federal Reserve Bank of New York (the "FRBNY") and Credit Suisse Group & Credit Suisse Holdings (USA), Inc., dated Feb 3, 2012 (▌▌▌▌▌▌▌), may be clawed back in its entirety pursuant to the bank examination privilege. The ▌▌▌▌▌ is entirely factual and does not constitute the opinions and recommendations of the FRBNY. Simply stated, the ▌▌▌▌▌ is a ▌▌▌▌▌▌▌▌▌▌▌ that Credit Suisse ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ by the FRBNY. Such information is factual and not subject to privilege.

You stated that ▌▌▌▌▌▌▌ is entirely privileged because it falls within the Federal Reserve's regulations for Confidential Supervisory Information ("CSI"). You pointed to paragraph 15 of ▌▌▌▌▌, which states that ▌▌▌▌ "contains confidential supervisory" ("CSI"), to support your claim that ▌▌▌▌▌▌▌ may be withheld. In addition, you stated that paragraph 16, stating that ▌▌▌▌▌▌▌▌▌▌▌▌▌ under Section 8 of the Federal Deposit Insurance Act means that it must be kept confidential as CSI. Other than claiming that ▌▌▌▌▌▌▌ constitutes CSI, you provided no other basis for withholding any of the information contained therein.

Plaintiff explained that the parties' dispute over ▌▌▌▌▌▌ is the same issue being litigated by the parties in the SDNY, *i.e.*, whether the Federal Reserve may assert privilege over all information constituting CSI or only its opinions and recommendations—*i.e.*, not factual information. You stated that Plaintiff could make a Touhy request asking the Federal Reserve to consider waiving CSI, but refused to explain any basis for the Federal Reserve to waive CSI over the ▌▌ ▌▌▌ while continuing to maintain it CSI/privilege assertions over the information at issue in the SDNY litigation.

Plaintiff confirmed that, in accordance with Commercial Division Rule 11-c, it is retaining a copy of ▌▌▌▌▌▌ for the purpose of challenging the privilege.

Regards,
Eric

**Eric J. Riedel**
Associate

**BLB&G** Bernstein Litowitz Berger & Grossmann LLP

1251 Avenue of the Americas | New York, NY 10020
(212) 554-1957
eric.riedel@blbglaw.com