

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, DC 20551

LEGAL DIVISION

December 9, 2024

<u>By ECF</u>
The Hon. Arun Subramanian
United States District Court for the
   Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Employees Ret. Sys. for the City of Providence v. Board of Governors of the Federal Reserve Sys.*, No. 24-mc-349-AS (S.D.N.Y.)

Dear Judge Subramanian:

     I represent Respondent the Board of Governors of the Federal Reserve System ("Board") in this miscellaneous action seeking review under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), of the Board's May 29, 2024 final decision denying Petitioner Employees Retirement System for the City of Providence's ("Petitioner's") request to access Board confidential supervisory information ("CSI") for use in state court litigation.

     The parties' cross motions for summary judgment in this case are fully briefed and pending before the Court. *See* ECF 4, 5, 28 (Pet.'s Motion for Summary Judgment, Memorandum, and Reply); ECF 17, 18, 36 (Board's Cross-Motion for Summary Judgment, Memorandum, and Reply); ECF 35 (UBS Amicus Brief). By letter motion of December 5, 2024 (ECF 44), Petitioner seeks to supplement the record on its motion for summary judgment with a Board CSI document (ECF 45-1, 48-1, "the CSI Document"), which is privileged and confidential supervisory information that was inadvertently produced in the state court litigation. This document was not before the Board in its May 29 Decision, and the Board respectfully requests that the Court decline Petitioner's request for the reasons set forth below.

     *First,* the Court should decline Petitioner's request to supplement its summary judgment motion because the CSI Document was not before the Board in reaching its May 29 Decision and is not part of the administrative record. In particular, the CSI Document (Bates number CS-Providence_01296434 through -438, *see* ECF 45-2, 48-1) is not listed in the privilege log of Board CSI (ECF 7) to which Petitioner specifically

sought access in its February 20 Request and on which the Board's May 29 Decision was based. *See* ECF 6-1 at 2 (Petitioner's February 20 Request seeking access to CSI documents on the privilege log). Rather, as counsel for the parties in the state court litigation informed the Board, the CSI Document—which is CSI under the Board's regulations as expressly stated on the face of the document, *see* ECF 45-2 and ECF 48-1, ¶ 15—is privileged and confidential under the Board's regulations, *see* 12 C.F.R. §§ 261.20(a), .23(a), and was inadvertently produced to Petitioner in the state court litigation. The document was only discovered by Petitioner *after* it filed its summary judgment motion (ECF 44 at 1-2), was never the subject of an administrative request, and Petitioner has refused requests to claw it back. *See* ECF 45-2.

As set forth in the Board's brief in support of its Cross-Motion for Summary Judgment (ECF 18 ("Board Br.") at 10), the focus of this Court's review of the Board's May 29 Decision under the APA is the administrative record before the Board in reaching that decision. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Harris v. Comm'r of Internal Revenue*, 748 F. App'x 387, 390 (2d Cir. 2018) (declining to consider additional documents submitted by the plaintiff in administrative record review case because "they are not in the administrative record"); *D'Arienzo v. Fire Island Nat'l Seashore*, 2024 WL 36983, at **7, 6 (E.D.N.Y. Jan. 3, 2024) (declining to "consider facts outside the administrative record," citing cases and the "APA's record rule" (internal quotation omitted)). The Court should deny Petitioner's request to supplement its summary judgment motion with the CSI Document, which was not part of the administrative record.

*Second*, Petitioner's claim that the Board's "failure to consider [the CSI Document in denying Petitioner's Request] is further evidence that its denial [of the Request] . . . was arbitrary and capricious" is baseless. ECF 44 at 2. As explained in the Board's brief (at 11-28), the Board's denial of Petitioner's February 20 Request was neither arbitrary nor capricious under the APA's "narrow, and deferential" standard. *New York v. Raimondo*, 84 F.4th 102, 106 (2d Cir. 2023). Rather, the Board carefully took into account the factors in its regulations and the administrative record before it, and articulated a "satisfactory explanation" for the denial. *Id.* Indeed, the Board was not asked to consider the CSI Document in reaching its May 29 Decision because the CSI Document is not in the privilege log of Board CSI (ECF 7) to which Petitioner specifically sought access, and was only recently "discovered" by Petitioner. ECF 44 at 2. And even if the CSI Document had been included in the administrative record before the Board, the Board's decision to deny Petitioner's February 20 Request is amply supported and belated supplementation of the record would not aid the Court. *See* Board Br. at 11-28.

Tellingly, neither case cited by Petitioner in support of its request to supplement its summary judgment motion is apposite here because neither arose in the context of an APA action, a significant distinction. *See Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.*, 585 F. Supp. 3d 540, 568 n.1 (S.D.N.Y. 2022), *aff'd* 66 F.4th 365 (2d Cir. 2023) (breach of contract and fiduciary duty action by investors against residential mortgage-backed securities trustees that did not arise under the APA); *Jackson v. Nat'l Football League*, 1994 WL 282105, at *1 n.2 (S.D.N.Y. June 21, 1994) (action under Title VII of the Civil Rights Act with no APA claim). Indeed, "[i]n a case involving review of a final agency action under the APA, . . . the usual Rule 56 summary judgment standard 'does

not apply.'" *Jafarov v. United States Citizenship & Immigr. Servs.*, 2024 WL 69056, at *3 (S.D.N.Y. Jan. 5, 2024) (internal citations omitted). Rather, "the role of the Court is not to determine whether there are genuine disputes of material fact, but to 'decid[e], as a matter of law, whether the agency action is . . . consistent with the APA standard of review,'" *id.*, which is "'deferential'" to the agency. *Id.* at *4 (internal citations omitted). Supplementation of the summary judgment record with a document that was not before the Board in its May 29 Decision, and was not discovered until after administrative proceedings concluded, ECF 44 at 1-2, would be inconsistent with these core APA principles.

*Finally*, to the extent that Petitioner seeks access to the CSI Document for use in its underlying state court action, it is not without recourse. *See* ECF 44 at 2 (stating that the CSI Document is "highly relevant . . . [to] the underlying litigation"). As Petitioner is aware, having participated in the Board's administrative process leading up to the May 29 Decision, and as discussed at a November 12, 2024 meet and confer (*see* ECF 45-2), Petitioner can file an administrative request with the Board for access to the CSI Document, but it has not done so to date. Absent an administrative request and permission from the Board's General Counsel, which has not been sought or obtained, the Board's regulations preclude Petitioner from accessing and using the CSI Document in litigation. 12 C.F.R. §§ 261.20(a), .23(a). Courts in situations such as this, in which a litigant fails first to exhaust administrative remedies by seeking CSI through a banking agency's administrative process, routinely decline to order relief, holding instead that such motions are "premature for resolution by the Court." *Fed. Nat'l Mort. Ass'n v. Allied World Nat'l Ins. Co.*, 2024 WL 4416981, at *4 (D.D.C. Sept. 30, 2024); *see also Alaska Electrical Pension Fund v. Bank of America Corp.*, 2016 WL 6779901, at *6 (S.D.N.Y. Nov. 16, 2016) ("[p]laintiff would have to seek relief 'through the established administrative process' before coming back to this court" seeking production of the Federal Reserve's and Office of the Comptroller of the Currency's CSI (internal quotation omitted)). Likewise here, the Court should decline Petitioner's request to supplement the record and instead permit Petitioner, should it choose to do so, to exhaust its administrative remedies.

For these reasons, the Board respectfully requests that the Court deny Petitioner's request to supplement the summary judgment record.

Respectfully Submitted,

/s/ Yvonne F. Mizusawa

Yvonne F. Mizusawa
Senior Counsel

cc: Counsel of Record (via ECF)