

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, DC 20551

LEGAL DIVISION

April 18, 2025

By ECF
The Hon. Arun Subramanian
United States District Court for the
   Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Employees Ret. Sys. for the City of Providence v. Board of Governors of the Federal Reserve Sys.*, No. 24-mc-349-AS (S.D.N.Y.)

Dear Judge Subramanian:

     I represent Respondent the Board of Governors of the Federal Reserve System ("Board") in this miscellaneous action seeking Administrative Procedure Act review of the Board's May 29, 2024 final decision denying Petitioner Employees Retirement System for the City of Providence's ("Petitioner's") request to access the Board's confidential supervisory information ("CSI") for use in state court litigation.

     The parties completed briefing on cross motions for summary judgment in September 2024. *See* ECF 4-8, 28-29 (Petitioner's Motion for Summary Judgment and Reply); ECF 17-18, 36 (Board's Cross Motion for Summary Judgment and Reply). At that time, neither party requested oral argument as required by the Court's Individual Practices. *See* Court's Individual Practices 8.E ("A party may request oral argument by indicating 'ORAL ARGUMENT REQUESTED' on the cover page of its memorandum of law."). In its April 16, 2025 letter motion (ECF 51), Petitioner belatedly requests oral argument some ten months after filing its motion without specifying any reason for its change of position.

     It is well settled that parties are not entitled to oral hearing on summary judgment. *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315-16 (2d Cir. 1998) (per curiam) ("As we noted over thirty years ago, 'motions may be decided wholly on the papers [without oral argument], and usually are.'" (citation omitted)). Rather, the decision whether to permit oral argument rests within the Court's sound discretion. *AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*, 181 F.3d 216, 226 (2d Cir. 1999) (per curiam). Here, extensive briefing and the administrative record support the Board's cross motion for summary

judgment and Petitioner has had a full opportunity to brief and support its summary judgment motion and to respond to the Board's arguments. The issues for resolution are fully laid out in the papers and the Board believes—absent a specific desire by the Court—that setting the case for oral argument would impose unnecessary costs on the Board and the Court without advancing resolution of this dispute. Should the Court desire argument, the Board of course stands ready to participate and zealously defend its position and the legal principles set forth in its briefs.

Respectfully Submitted,

/s/ Yvonne F. Mizusawa

Yvonne F. Mizusawa
Senior Counsel

cc: Counsel of Record (via ECF)